FILED
CLERK, U.S. DISTRICT COURT
APR - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>TENET HEALTHCARE CORPORATION CORPORATE DERIVATIVE LITIGATION<br><br>This Documents Relates to<br><br>ALL ACTIONS | CV 03-11 RSWL (RZx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES** |

Plaintiffs' Motion for Attorney's Fees and Reimbursement of Expenses was filed on October 23, 2006 and taken under submission by this Court on November 8, 2006. The Court received Defendant Tenet's Opposition to the Motion on October 30, 2006. Plaintiffs' Reply was received on November 6, 2006.

Pursuant to Rule 78 of the Federal Rules of Civil

ENTERED
CLERK, U.S. DISTRICT COURT
APR - 9 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
153

Procedure and Central District Local Rule 7-15, the Court finds that oral argument on this matter is not necessary.

Having considered all the papers submitted in this matter, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

As a preliminary matter, Tenet's objections to the Declarations of Professors Rubinstein and Stout are **OVERRULED as Moot**.

In addition, the Court finds that the Supreme Court's holding in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), does not counsel against the exercise of its jurisdiction here. Because the issues presented in this Motion are materially different from those being argued in the State Court appeal, there is no danger of piecemeal litigation. Therefore, the Court does not find that the current circumstances are so "exceptional" that they merit abstention.

Turning to the merits of Plaintiffs' Motion, the Court finds that there is no applicable exception to the American Rule that would merit the award of fees in this Action. As such, Plaintiffs' Motion is **DENIED**.

In the United States, parties are ordinarily required

to bear their own attorney's fees. <u>Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598, 602 (2001). Under this "American Rule," there is a "general practice of not awarding fees to a prevailing party absent explicit statutory authority." <u>Key Tronic Corp. v. United States</u>, 511 U.S. 809, 819 (1994).

While attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing for such an award, limited exceptions to the American rule have developed where overriding considerations of justice would compel such a result. <u>Fleischmann Distilling Corp. v. Maier Brewing Co.</u>, 386 U.S. 714, 717-18 (1967).

These exceptions fall into three categories. First, a court may assess attorney's fees as a sanction for the "willful disobedience of a court order." <u>Chambers v. NASCO</u>, 501 U.S. 32, 45 (1991) (internal citations omitted). Second, a court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Id.</u> Third, a court may award attorney's fees to a party whose litigation efforts directly benefit others. <u>Id.</u> This category includes both the "common fund exception" and the "substantial benefit exception," which derive from a court's historic equity

3

jurisdiction. Id.; see Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 392 (1970).

Here, Federal Derivative Counsel contend that either or both of two exceptions to the American Rule apply to the current Action - the common fund exception and the substantial benefit exception. The Court disagrees.

In this Motion, Federal Derivative Counsel argue that they "do not seek to change the terms of the global settlement, or interpose themselves into the settlement agreement." [Reply, 12:6-7]. Rather, Counsel contend that "basic concepts of equity require payment of Federal Derivative Counsel's fees by Tenet (if from nowhere else then from its general funds) for the work they did and the risks they took, and from which Tenet received substantial benefit." [Reply, 12: 15-18]. Thus, "Federal Derivative Counsel are seeking fees directly from Tenet." [Reply, 14:13].

If Federal Derivative Counsel are seeking funds directly from Tenet, however, then the common fund exception cannot apply.

Under the common fund doctrine, "a private plaintiff, or his attorney, whose efforts create, discover, increase or

4

preserve a fund to which others also have a claim, is entitled to recover from the fund the costs of his litigation, including attorney's fees." Vincent v. Hughes Air West, 557 F.2d 759, 769 (9th Cir. 1977).

The common fund from which an award of attorney's fees will be drawn need not have been created by a judgment after a full trial on the merits; the fund may be created in the settlement of an action. E.g., Staton v. Boeing Corp., 327 F.3d 938 (9th Cir. 2003); Wininger v. SI Management, L.P., 301 F.3d 1115 (9th Cir. 2002). However, any award of attorney's fees must be satisfied out of the fund; beneficiaries of the fund may not be held personally liable for the litigation costs. Vincent, 557 F.2d at 770.

Here, Federal Derivative Counsel is not requesting an award of attorney's fees from the common fund created in the State Court Settlement. Rather, Counsel is requesting that this Court award fees to it directly from Tenet. Such an award cannot be justified under the common fund doctrine, which only provides for awards to be made out of a common fund. Therefore, the Court finds that the common fund exception does not apply here.

Federal Derivative Counsel's argument that it is entitled to fees under the substantial benefit doctrine is

similarly misplaced.

Under the substantial benefit doctrine, a court may award attorney's fees where the plaintiffs' successful litigation confers a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them. <u>Vincent</u>, 557 F.2d at 769, n. 7 (1977).

However, the Ninth Circuit has clearly expressed that the substantial benefit doctrine does not apply where the benefits derived by the clients of the attorneys seeking fees are pecuniary. <u>Id.</u> at 768 ("When the benefit is pecuniary, we believe the case should be measured against the traditional criteria of the common fund doctrine."); <u>compare</u> <u>Lewis v. Anderson</u>, 692 F.2d 1267 (9th Cir. 1982) (awarding attorney's fees where plaintiff conferred substantial benefit upon other shareholders by prompting defendant corporation to obtain shareholder ratification of changes in stock option plan, which corporation had originally failed to disclose).

Here, Federal Derivative Counsel argues that the substantial benefit doctrine should apply because although the claims against Tenet in the current Action will be

1  dismissed pursuant to the terms of the State Settlement
2  Agreement, Federal Derivative Counsel conferred a
3  "substantial benefit" to Tenet in creating the $50 million
4  settlement fund. [Motion, 16:19-20].

6  However, even if this Court assumes *arguendo* that it
7  was the efforts of Federal Derivative Counsel that created
8  the $50 million fund, the pecuniary nature of this benefit
9  takes Counsel's application for fees outside the province of
10 the substantial benefit doctrine.

12 Therefore, an award of Counsel's attorney's fees cannot
13 be justified under the substantial benefit doctrine, either.

15 Given the absence of any other exception that would
16 apply to warrant an award of attorney's fees, Plaintiffs'
17 Motion for Attorney's Fees and Reimbursement of Expenses is
18 **DENIED**.

21 **IT IS SO ORDERED.**

22                                    RONALD S.W. LEW

23                            _____
                               **RONALD S.W. LEW**
                               Senior U.S. District Judge
24
25 DATED: April 5, 2007